IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Gino Bassett Sr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 24-cv-50126 |
| | ) |
| v. | ) Honorable Iain D. Johnston |
| | ) Honorable Margaret J. Schneider |
| Jonathon Rightious, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT HESLOP'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Derek Heslop ("Defendant"), by and through his attorney Kwame Raoul, Attorney General of Illinois, for his Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No. 19.] In support thereof, Defendant states as follows:

1. On 9-22-22 the State of ILL IDOC n the Employees or Agents have a duty to provide adequate medical and safety conditions foreseen in custody nevertheless Employees of IDOC Dixon Phyc negligently n carelessly or willfully want only n with conscious disregard for the health & safety of inmate Gino Bassett Sr 63 yr old disable person violated there duty to Gino Bassett Sr. On 9-22-22 I was pepper sprayed stomped & kicked maliciously by 7 IDOC Dixon Phyc Employees c/o Lt Sgt Tact Officer, C/O Righteous came to my cell 40 with my Phyc Dr. Susanjar to talk to C/O stated only if I stay on bed while interview with cell door open which is not protocol is interviews r conducted on fence area or room with it being handcuff to

bench to do all n any interviews. My TV was broken, obituary & legal documents were torn 1/2 property missing.

**ANSWER: The allegations contained in paragraph 1 are not direct at Defendant. Therefore, no answer is required. To the extent an answer is required, Defendant denies that he violated Plaintiff's right. Defendant denies that he used excessive force and denies that he was deliberately indifferent to Plaintiff's medical needs. Defendant further denies stomping and kicking Plaintiff in any manner.**

**Answering further, Defendant admits he responded to a "Code-1" called over institutional radio, indicating staff in distress, and administered one burst of oleoresin capsicum spray to Plaintiff.**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 1.**

2. I explained this to my Phys Cr. Susanjar I got up turn TV on to show her screen was broke sat back down grabbed my lil sister torn 1/2 obituary & legal documents reached to give Dr. Susanjor obituary C/O Righteous grabbed his pepper spray can n sprayed me n face n chest C/O Righteous knocked me to floor n called code instress C/O Gallegoes ran n cell both continue to spray n kick me stomping me while putting restraints on me once Im restraint to floor 4 other c/o ran n my cell 40 n started spraying & stomping & kicking me tryin to pull sweat pants down to spray my lower body waist down. While C/O Righteous & Gallegoes continue to strike me with closed fist in face n head. While I was already in restraints excessive force wasn't needed after I was already restraint in complied with the beating stomping pepper sprayed by all C/O.

**ANSWER: Defendant denies that he used excessive force against Plaintiff. Defendant denies that he physically hit or stuck Plaintiff in any manner. Defendant denies that he beat or stomped Plaintiff. Defendant denies that he sprayed, kicked or stomped Plaintiff while Plaintiff was in restraints.**

**Defendant denies that he tried to remove Plaintiff's pants and denies that he tried to spray Plaintiff's lower body.**

**Answering further, Defendant admits he responded to a "Code-1" called over institutional radio, indicating staff in distress, and administered one burst of oleoresin capsicum spray to Plaintiff.**

**Defendant lacks knowledge or information sufficient to form a belief about any remaining allegations contained in paragraph 2.**

3. I was dragged to another wing where I was put n shower stripped naked Sgt Trump when I got jumpsuit sprayed inside of jumpsuit n told me to put it on the inside reek of pepper spray which burn all over my body. I was taken in legal call room to talk to Internal Affairs who took pictures of my swollen face & injurys. IA left 3 tact officer walked n room Im handcuff to stool tact officer Dalke only one I knew by name stated to me that C/O Righteous didn't brake my TV then struck me in the face with closed fist n slammed my face against wall which was unnecessary excessive force while being already restraint. I sustained (?) from that.

**ANSWER: The allegations contained in paragraph 3 are not direct at Defendant. Therefore, no answer is required. To the extent an answer is required Defendant admits that he escorted Plaintiff to C-wing where Plaintiff utilized the eyewash station and was offered medical attention by a registered nurse. Defendant denies that he had any involvement in Plaintiff's strip search. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 3.**

4. I was dragged to cell 54 waited to be transfer to Pontiac with burning skin, testicles, face buttocks from Sgt Trump spraying inside of jumpsuit also sever burning of scotum testicle penis from all 4 C/O spraying me while n cell 40 TRT C/O Mark Newan was to transport me to Pontiac but tole Lt Love I needed to be checked out for injurys & mental health evaluation before he transport me to Pontiac visible

3

injurys to right eye being red n bruises present above & below eye socket blackeye left temple area of forehead had abrasions & x2 top of head had a hematoma on left side with abrasions nose was bruised (possibly broken) I was bleeding earlier.

**ANSWER: The allegations contained in paragraph 4 not directed at Defendant. Therefore, no answer is required. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.**

  5. Abrasion to left upper arm redness to bilateral arms on posturer side left ankle abrasion n redness right rib broken. All from being stomped kicked sprayed from Dixon Phyc C.O & Sgt unnecessary excessive force was used out of control unprofessional misconduct behavior by all C/O. A person with a physical disability or a person 60 yr of age was assaulted with excessive force without legal justification violates my Eighth Amendment Right – 501.30 20 Ill Adm Resort to Force – Force shall be employed only as last resort when other means r unavailable or inadequate, use of fore shall be terminated as soon as force is no longer needed corpal corporal punishment is prohibited 20 Ill Adm 120.31 conduct of individuals Employees shall conduct themselves in a manner that will not reflect unfavorably on Dept n shall not engage in conduct that is unbecoming of an employee that may reflect or impair operation of Employees shall comply with Dept Rules written procedures bulletin written or verbal orders by Dep authorities.

**ANSWER: The allegations contained in paragraph 5 are not directed at Defendant. Therefore, no answer is required. To the extent an answer is required, Defendant denies that he used excessive force or engaged in any conduct that violated Plaintiff's rights. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 5.**

4

6. All my rights were violated by all C.O of Dixon Phyc my injurys were unessary being age 63 yr disable. Ive been denied criminal charges on all C/O by State Police Complaint Exhibit (1) Exhibit (2) mental health w medication list of my diagnosis also medical issues. My 2 other 1983 civil complaint has been ignored overlooked by Clerk of Court also Judge Iain Johnston Case #24-C-50126 I filed last 1983 civil complaint on 7-8-24 also 4-9-24. Why no response or status of my 1983 civil complaint application. Please respond status or order $405 fileing fee will be paid once Judge or court provide order within 30 days of order.

**ANSWER: Defendant denies that he violated Plaintiff's rights. Defendant lacks knowledge of information sufficient to form a belief about the truth of any remaining allegations contained in paragraph 6.**

**V.** **Relief:**

Able to file excessive force charges against all Defendant for Defendant to pay all Court cost. All legal fees also all attorneys fees that appropriate to Court. Also compensated for injury sustained from excessive force $150,000.

**ANSWER: Defendant denies that he violated Plaintiff's rights. Defendant denies that Plaintiff is entitled to judgement in his favor against Defendant on any of the claims stated in Plaintiff's Complaint. Defendant denies that Plaintiff is entitled to compensatory damages or punitive damages. Defendant denies that Plaintiff is entitled to attorney's fees and costs of suit. Defendant denies that Plaintiff is entitled to any further relief and any relief whatsoever.**

## GENERAL DENIAL

1. Defendant expressly denies any allegation not specifically admitted.

2. Defendant denies that Plaintiff is entitled to compensatory damages.

3. Defendant denies that Plaintiff is entitled to punitive damages.

4.  Defendant denies that Plaintiff is entitled to any other relief.

## JURY DEMAND

Defendant respectfully requests trial by jury.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

1.  Prior to filing suit, inmates must demonstrate that they have fully and properly exhausted their administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

2.  To exhaust administrative remedies, a prisoner "must file complaints and appeals in the place, and at the time, 'the prison's administrative rules require.'" *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

3.  Plaintiff attached only a single grievance to his complaint [ECF No. 33 at 7-8.] The grievance is dated September 22, 2022, and mentions Defendants Rightious, Dalke, and Trump. However, the grievance does not name Defendant Gallegos or Heslop, nor does it provide any identifying information of these officers as required by 20 Ill. Admin. Code § 504.810(c) ("The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.")

4.  Plaintiff has failed to adhere to the Illinois Department of Corrections grievance procedures, his claim should be barred for failure to exhaust his

administrative remedies prior to the initiation of this cause of action, which serves as a bar to Plaintiff's claims by the Prison Litigation Reform Act (42 U.S.C. § 1997) and *Perez v. Wisconsin Dept. of Corrections*, 182 F. 3ed 532 (7th Cir. 1999).

## SECOND AFFIRMATIVE DEFENSE
### (Qualified Immunity)

1. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

2. Plaintiff is seeking monetary damages from Defendants, who acted in good faith in the performance of their official duties and acted without violating the Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Thus, they are barred from recovery by the doctrine of qualified immunity.

WHEREFORE, Defendant prays for judgment in his favor and against Plaintiff, plus costs of suit.

Dated: December 19, 2025              Respectfully Submitted,

KWAME RAOUL                           /s/ *Edward Parsons*
Attorney General of Illinois          Edward Parsons
                                      ARDC #6349840
                                      Assistant Attorney General
                                      Office of the Illinois Attorney General
                                      115 S. LaSalle Street
                                      Chicago, Illinois 60603
                                      (312) 814-0052
                                      edward.parsons@ilag.gov
                                      ***Attorney for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 19, 2025, he electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system and hereby certifies that on the same date, he caused to be mailed by the U.S. Postal Service, in an envelope fully prepaid and properly addressed, a copy of the foregoing document to the following non-registered CM/ECF participants:

Gino Bassett (K55476)
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

/s/ *Edward Parsons*
Edward Parsons
ARDC #6349840
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-0052
edward.parsons@ilag.gov
***Attorney for Defendants***